# United States District Court

SOUTHERN DISTRICT OF NEW YORK

BOARD OF TRUSTEES OF THE 1199 SEIU GREATER NEW YORK BENEFIT FUND and BOARD OF TRUSTEES OF THE 1199 SEIU GREATER NEW YORK EDUCATION FUND,

V.

JFK HARTWYCK AT EDISON ESTATES,

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

07 CIV 3745

JUDGE GRIESA

TO: (Name and address of Defendant)

JFK HARTWYCK AT EDISION ESTATES
465 Plainfield Avenue
Edison, New Jersey 08817
(732) 985-1500

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LOWELL PETERSON, ESQ.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 BROADWAY, SUITE 501
**NEW YORK, NY 10018**

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON
CLERK

/s/ Marcos Quintero

(BY) DEPUTY CLERK

MAY 11 2007
DATE

American LegalNet, Inc.
www.FormsWorkflow.com

AO 440 (Rev. 10/93) Summons in a Civil Action –SDNY WEB 4/99

# RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                Date                                              Signature of Server

                                               _____
                                               Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

American LegalNet, Inc.
www.FormsWorkflow.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BOARD OF TRUSTEES OF THE 1199 SEIU
GREATER NEW YORK BENEFIT FUND and
BOARD OF TRUSTEES OF THE 1199 SEIU
GREATER NEW YORK EDUCATION FUND,

                Plaintiffs,

        v.

JFK HARTWYCK AT EDISON ESTATES,

                Defendant.
---------------------------------------------------------------X

JUDGE GRIESA

'07 CIV 3745

**COMPLAINT**

## INTRODUCTION

Plaintiffs Board of Trustees of the 1199 SEIU Greater New York Benefit Fund and Board of Trustees of the 1199 SEIU Greater New York Education Fund (together, the "Trustees") bring this action to collect delinquent fringe benefit contributions that Defendant JFK Hartwyck at Edison Estates (the "Employer") owes to the 1199 SEIU Greater New York Benefit Fund (the "Benefit Fund") and the 1199 SEIU Greater New York Education Fund (the "Education Fund"). Plaintiffs bring this action pursuant to the Employee Retiree Income Security Act, 29 U.S.C. § 1001, as amended by the Multi Employer Pension Plan Amendments Act of 1980 ("ERISA").

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 29 U.S.C. §1132.

2. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) because the Benefit Fund and the Education Fund are administered in this district.

## THE PARTIES

3. The Benefit Fund and the Education Fund are employee benefit plans within the meaning of ERISA, 29 U.S.C. §§1002(2)(3) and are maintained to provide medical, educational, and related benefits to eligible participants, their family members, and other beneficiaries.

4. The Benefit Fund and Education Fund (collectively, the "Funds") are funded solely by employer contributions. Without those contributions, the Funds could not provide benefits.

5. Plaintiffs are the Boards of Trustees of the Benefit and Education Funds, and are fiduciaries within the meaning of ERISA, 29 U.S.C. §1002(A).

6. The Funds are administered at 330 West 42nd Street, New York, New York.

7. Plaintiffs bring this action on behalf of themselves, the Benefit Fund, the Education Fund, and the participants and the beneficiaries of the Funds pursuant to ERISA, 29 U.S.C. §§1132 and 1145.

8. Defendant is an employer in an industry affecting commerce within the meaning of ERISA, 29 U.S.C. §§1002(5), (11) and (12). It operates a nursing home and is located at 465 Plainfield Avenue, Edison New Jersey 08817.

### Count 1 – Defendant's Failure to Contribute To the Benefit Fund

9. At all relevant times, the Employer was a party to a series of collective bargaining agreements with 1199 SEIU United Health Care Workers East ("1199") (the "CBAs") governing certain of its employees. The first relevant CBA was in effect from April 1, 2002 through March 31, 2005. The next, successor CBA is in effect from April 1, 2005 through

2

May 31, 2008. The CBAs are contracts between a labor organization and an employer and are collectively bargained agreements within the meaning of ERISA, 29 U.S.C. §1145. Copies of the CBAs are Exhibits 1 and 2 to this Complaint.

10. The Employer has been and remains bound by the CBAs.

11. The CBAs contain provisions which require the Employer to pay monthly contributions to the Benefit Fund at specified rates, at specified times.

12. In Article 29 Section 29.3 of the current CBA, the Employer agreed that the Benefit Fund will be "held and managed under the terms and provisions of an Agreement and Declaration of Trust executed in connection with the said Fund".

13. The Benefit Fund caused an audit to be performed of the Employer's books and records for the period of January 1, 2004 through December 31, 2005. The Fund's auditors determined that the Employer owed contributions in the aggregate amount of $104,893.02 for that period, plus interest, in addition to whatever contributions the Employer might already have made for that period.

14. The Benefit Fund transmitted the audit results to the Employer. A copy of the correspondence from Fund Controller Anthony Petrella dated July 12, 2006 is Exhibit 3 to this Complaint.

15. The Employer has failed and refused to pay the amounts determined by the auditors.

16. Thus, the Employer has failed and refused to make the Benefit Fund contributions required by the CBAs for the period of January 1, 2005 through December 31, 2005, and the required interest on those amounts.

17. Because the Employer has failed to pay these required contributions, it is delinquent in its payments to the Benefit Fund.

18. The Employer's failure to make its required contributions to the Benefit Fund is a breach of its obligations under the CBAs and the Trust Agreement, and is a violation of ERISA, 29 U.S.C. §1145.

19. Under ERISA, 29 U.S.C. §§1132(g)(2) and 1145, the Employer must pay the Benefit Fund the full amount of the delinquent contributions, plus interest, liquidated damages, and the attorneys fees, and costs of this action. The Trustees are also entitled to such other legal or equitable relief as the court deems appropriate pursuant to ERISA, 29 U.S.C. §1132(g)(2)(e).

### Count II – Defendant's Failure To Contribute To The Education Fund

20. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 though 19 above.

21. The CBAs contain provisions which require the Employer to pay monthly contributions to the Education Fund at specified rates, at specified times.

22. The Education Fund caused an audit to be performed of the Employer's books and records for the period of January 1, 2004 through December 31, 2005. The Fund's auditors determined that the Employer owed contributions in the aggregate amount of $ 9,340.79 for that period, plus interest, in addition to whatever contributions the Employer might already have made for that period.

23. The Education Fund transmitted the audit results to the Employer. A copy of the correspondence from Fund Controller Anthony Petrella dated July 12, 2006 is Exhibit 3 to this Complaint.

24. The Employer has failed and refused to pay the amounts determined by the auditors.

25. Thus, the Employer has failed and refused to make the Benefit Fund contributions required by the CBAs for the period of January 1, 2005 through December 31, 2005, and the required interest on those amounts.

26. Because the Employer has failed to make these required contributions, it is delinquent in its payments to the Education Fund.

27. The Employer's failure to make its required contribution to the Education Fund is a breach of its obligations under the CBAs and is a violation of ERISA, 29 U.S.C. §1145.

28. Under ERISA, 29 U.S.C. §§1132(g)(2) and 1145, the Employer must pay the Education Fund the full amount of the delinquent contributions plus interest, liquidated damages, and the attorneys fees and costs of this action. The Trustees are also entitled to such legal and other equitable relief as the court deems appropriate pursuant to ERISA, 29 U.S.C. §1132(g)(2)(e).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request an Order:

5

1. Declaring that the Employer owes contributions to the Benefit Fund and Education Fund on behalf of all employees covered by the CBA for all payroll periods from January 1, 2004 to December 31, 2005;

2. Directing the Employer to pay

   a. $104,131.68 to the Benefit Fund;

   b. $9,340.79 to the Education Fund;

   c. interest on those amounts, liquidated damages, attorneys fees and costs as required by the Plan and by ERISA 29 U.S.C. §1132(g)(2); and

3. Such other legal and equitable relief to which plaintiffs are entitled.

Dated: May 11, 2007

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

*[signature]*

Lowell Peterson (LP 5405)
Attorneys for Plaintiffs
1350 Broadway, Suite 501
New York, New York 10018-0026
212-239-4999
lpeterson@msek.com

85841

6