UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BOARD OF TRUSTEES OF THE 1199 SEIU
GREATER NEW YORK BENEFIT FUND and
BOARD OF TRUSTEES OF THE 1199 SEIU
GREATER NEW YORK EDUCATION FUND,

          Plaintiffs,

    v.

JFK HARTWYCK AT EDISON ESTATES,

          Defendant.
------------------------------------X

Civil Action No. 07-CV-3745
(TPG)(JCF)

**ANSWER AND
AFFIRMATIVE DEFENSES**

    Defendant, JFK Hartwyck at Edison Estates, ("Edison Estates" or "Defendant"), by and through their attorneys, Genova, Burns & Vernoia, by way of answer to the Complaint filed by the Plaintiffs, Board of Trustees of the 1199 SEIU Greater New York Benefit Fund (the "Benefit Fund") and Board of Trustees of the 1199 Greater New York Education Fund (the "Education Fund") (collectively, the "Trustees" or "Plaintiffs"), says:

## INTRODUCTION

[1] Defendant denies that it owes Plaintiffs delinquent fringe benefit contributions. With respect to the remaining allegations contained in the Introduction to Plaintiffs' Complaint, Defendant offers no reply insofar as they constitute conclusions of law rather than averments of fact; however, to

---

[1] Plaintiffs' introductory paragraph is not numbered.

the extent such allegations are deemed allegations of fact, Defendant denies such allegations.

## JURISDICTION AND VENUE

1. Defendant offers no reply to the allegations contained in Paragraph 1 of the Complaint insofar as they constitute conclusions of law rather than averments of fact; however, to the extent such allegations are deemed allegations of fact, Defendant denies the allegations.

2. Defendant offers no reply to the allegations contained in Paragraph 2 of the Complaint insofar as they constitute conclusions of law rather than averments of fact; however, to the extent such allegations are deemed allegations of fact, Defendant denies the allegations.

## THE PARTIES

3. Defendant offers no reply to the allegations contained in Paragraph 3 of the Complaint as Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and because the allegations contained in Paragraph 3 of the Complaint constitute conclusions of law rather than averments of fact; however, to the extent such allegations are deemed allegations of fact, Defendant denies the allegations.

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Defendant offers no reply to the allegations contained in Paragraph 5 of the Complaint insofar as the allegations contained in Paragraph 5 of the Complaint constitute conclusions of law rather than averments of fact; however, to the extent such allegations are deemed allegations of fact, Defendant denies the allegations.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendant offers no reply to the allegations contained in Paragraph 7 of the Complaint as Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and because the allegations contained in Paragraph 7 of the Complaint constitute conclusions of law rather than averments of fact; however, to the extent such allegations are deemed allegations of fact, Defendant denies the allegations.

8. Defendant states that it operates a nursing home and its address is 10 Brunswick Avenue, Edison, New Jersey 08817. Defendant offers no reply to the remaining allegations contained in Paragraph 8 of the Complaint insofar as they constitute

conclusions of law rather than averments of fact; however, to the extent such allegations are deemed allegations of fact, Defendant denies the allegations.

### COUNT I

9. Defendant states that the documents referred to as "collective bargaining agreements" ("CBAs") in Paragraph 9 of the Complaint speak for themselves. Defendant offers no reply to the remaining allegations contained in Paragraph 9 of the Complaint insofar as they constitute conclusions of law rather than averments of fact; however, to the extent such allegations are deemed allegations of fact, Defendant denies the allegations.

10. Defendant offers no reply to the allegations contained in Paragraph 10 of the Complaint insofar as they constitute conclusions of law rather than averments of fact; however, to the extent such allegations are deemed allegations of fact, Defendant denies the allegations.

11. Defendant states that the documents referred to as "CBAs" in Paragraph 11 of the Complaint speak for themselves. Defendant offers no reply to the remaining allegations contained in Paragraph 11 of the Complaint insofar as they constitute conclusions of law rather than averments of fact; however, to the extent such allegations are deemed allegations of fact, Defendant denies the allegations.

12. Defendant states that the document referred to as "the current CBA" in Paragraph 12 of the Complaint speaks for itself.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant states that the documents referred to as "CBAs" in Paragraph 19 of the Complaint speak for themselves. Defendant offers no reply to the remaining allegations contained in Paragraph 19 of the Complaint insofar as they constitute conclusions of law rather than averments of fact; however, to the extent such allegations are deemed allegations of fact, Defendant denies the allegations.

## COUNT II

20. Defendant repeats and reiterates the answers set forth in Paragraphs 1 through 19 of this Answer as if fully set forth herein.

21. Defendant states that the documents referred to as "CBAs" in Paragraph 21 of the Complaint speak for themselves. Defendant offers no reply to the remaining allegations contained in Paragraph 21 of the Complaint insofar as they constitute conclusions of law rather than averments of fact; however, to the extent such allegations are deemed allegations of fact, Defendant denies the allegations.

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

WHEREFORE, Defendant JFK Hartwyck at Edison Estates demands judgment in its favor dismissing the Complaint with prejudice together with costs, attorneys fees and such other and further relief as this Court deems reasonable and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by this Court's lack of *in personam* jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed due to insufficiency of service of process.

### FIFTH AFFIRMATIVE DEFENSE

At all time relevant to the allegations contained in the Complaint, Defendant acted in full conformity with all applicable municipal, state and federal laws.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant is not guilty of any wrongdoing or breach of duty.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant did not breach any contractual obligations to Plaintiffs.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant fulfilled all of its respective duties and obligations, if any, to the Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because of the absence of mutual assent or a meeting of the minds.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because the documents referred to as "CBAs" in the Complaint are ambiguous.

**ELEVENTH AFFIRMATIVE DEFENSE**

Extrinsic evidence, including evidence of course of dealing and past practice, is necessary to construe the documents referred to as "CBAs" in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because the Plaintiffs failed to arbitrate their dispute in the first instance.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their failure to abide by the duty of good faith and fair dealing.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to allege damages for all periods for which Plaintiffs are seeking damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statutes of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of waiver, estoppel and laches.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for equitable relief are barred by the doctrine of unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant fulfilled all of its obligations under the applicable collective bargaining agreement requiring payments to Plaintiffs.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant took no action against Plaintiffs in violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 <u>et</u>

seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA").

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant acted in good faith.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint does not state a viable cause of action which permits recovery of compensatory damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint does not state a viable cause of action which permits recovery of attorneys fees, expenses and costs.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint does not state a viable cause of action which permits recovery of liquidated damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint does not state a viable cause of action which permits recovery of pre and/or post-judgment interest.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Complaint does not state a viable cause of action which permits recovery of punitive damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the Plaintiffs' failure to mitigate damages.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to add additional defenses up to and including the time of trial.

                                          s/Kathleen Barnett Einhorn
                                          Kathleen Barnett Einhorn (KE 2743)
                                          Shirin W. Saks (SS 2452)
                                          Genova, Burns & Vernoia
                                          354 Eisenhower Parkway
                                          Livingston, New Jersey 07039
                                          (973) 533-0777
                                          Attorneys for Defendant

Dated:  June 28, 2007

897\024\Pleadings\Answer